# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                    )
               Plaintiff,         )
                                    )
v.                                  )
                                    )   Case No. CR-18-204-D
                                    )   (Case No. CIV-21-269-D)
ANTONIO CURTIS,                     )
                                    )
               Defendant.         )
                                    )

## ORDER

Before the Court is Defendant Antonio Curtis's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 48]. The government filed a response in opposition [Doc. No. 54] within the time allowed by the Court.[1] For reasons that follow, the Court finds that no hearing is needed and the Motion should be denied.[2]

## BACKGROUND

On August 7, 2018, Defendant Antonio Curtis was charged in an Indictment with assault on a federal officer causing bodily injury. [Doc. No. 28]. Defendant later pleaded

---

[1] Defendant also filed a "Motion for Summary Judgment in Favor of the Movant" [Doc. No. 55], arguing the government's response was untimely. The Court directed the government to file a response no later than May 14, 2021; the government filed its response on May 12, 2021. Therefore, Defendant is incorrect that the response was untimely, and his Motion [Doc. No. 55] must be denied.

[2] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b). Further, factual "allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1180 n.1 (10th Cir. 2001) (quotations and alterations omitted).

guilty to that charge, and the Court sentenced him to 92 months imprisonment, to be followed by three years of supervised release. Judgment [Doc. No. 30]. Defendant, through counsel, then filed a timely notice of appeal of his sentence. [Doc. No. 32]. The Tenth Circuit affirmed Defendant's sentence, holding that the Court did not err in finding that Defendant's assault created a substantial risk of serious bodily injury. [Doc. No. 46].

The Tenth Circuit summarized the facts of this case as follows:

> While incarcerated at the Federal Transfer Center for an unrelated offense, Curtis grew agitated with his housing assignment and became unruly in his cell. Correctional officers tried to defuse the situation by ordering him to turn around and submit to restraints. Curtis refused, and the officers called for back-up.
> With seven officers in his cell, Curtis continued to resist. At one point, he grabbed a chair in an apparent attempt to use it as a weapon. After an officer dissuaded him from this idea, Curtis discarded the chair and swung his closed fist at an officer. Another officer deflected the punch and pinned Curtis against the wall. Curtis then began assaulting that officer by striking him about the face and head with a closed fist and grabbing the inside of his mouth. Officers eventually forced Curtis to the floor, where he kept fighting by kicking and pulling away. They ended the assault by placing Curtis in restraints.
> The officer that deflected Curtis's punch and pinned him against the wall suffered a torn rotator cuff and sustained disc damage in his neck. His injuries necessitated neck surgery and, according to the officer, will require shoulder surgery and extensive physical therapy in the future. They also led him to retire from service as a correctional officer.

*Id.* at p.2, *United States v. Curtis*, 799 F. App'x 639, 640 (10th Cir. 2020) (unpublished).

After the Tenth Circuit affirmed his sentence, Defendant filed the instant Motion.

## DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The

movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b). Defendant asserts his sentence should be vacated because it violates principles of double jeopardy, the injuries of the victim of his assault were not supported by an injury report performed by medical staff, and his sentence was the result of ineffective assistance of counsel. [Doc. Nos. 48 and 48-1]. Defendant also appears to argue he was unable to understand the nature and consequences of the proceedings against him or adequately assist in his defense. *Id.*

## I.     Double Jeopardy and Sufficiency of the Evidence

Defendant argues that his conviction violates the Double Jeopardy Clause because he was subject to prior punishment by the Bureau of Prisons for his assault on the officer. He explains he was placed in a special housing unit, including placement in solitary confinement for 29 days. Defendant also argues that since the government did not provide evidence of an injury report documenting the officer's injuries after the assault, he was sentenced "based upon hearsay of an injury," in violation of the Confrontation Clause. [Doc. No. 48-1] at p.5. Defendant did not raise these issues on direct appeal.

Section 2255 motions are not available to review the legality of issues that should have been, but were not, raised on direct appeal. *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Allen,* 16 F.3d 377, 378 (10th Cir. 1994). To avoid the rule barring consideration of such issues, a defendant must show "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains;" alternatively, a defendant must show that "a fundamental miscarriage of justice will occur if his claim is

not addressed." *United States v. Cook,* 997 F.2d 1312, 1321 (10th Cir. 1993). Defendant does not make a sufficient showing of cause excusing the procedural default or that a fundamental miscarriage of justice will occur if these issues are not addressed. Therefore, these grounds raised by Defendant in his Motion are procedurally barred.

Even if they were not barred, the Court finds Defendant's arguments that his conviction violated the Double Jeopardy Clause and that he was convicted based on inadmissible evidence under the Confrontation Clause fail. First, the Tenth Circuit has held that "it is well established that prison disciplinary sanctions—such as administrative segregation—do not implicate double jeopardy protections." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (quotation marks omitted); *see also Shields v. Cline*, No. 20-3077-SAC, 2020 WL 2557852, at *3 (D. Kan. May 20, 2020) (collecting cases). Defendant's conviction, therefore, raised no double jeopardy issue. Second, "constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings." *United States v. Bustamante*, 454 F.3d 1200, 1202–03 (10th Cir. 2006) (quoting *United States v. Hershberger,* 962 F.2d 1548, 1554 (10th Cir.1992)). Accordingly, there could have been no violation of the Confrontation Clause at Defendant's sentencing hearing.

In sum, the Court finds these grounds both procedurally barred and unsupported by authority.

## II.    Ineffective Assistance of Counsel

Defendant alleges his counsel was ineffective by (1) manipulating Defendant to enter a plea agreement, (2) promising him a shorter sentence, (3) failing to advise the Court

of Defendant's mental health status and raise the issue of his competency, (4) failing to offer testimony from a psychologist at Defendant's sentencing hearing, (5) failing to obtain letters supporting Defendant for sentencing purposes, and (6) failing to file a motion to suppress.

To establish ineffective assistance of counsel, Defendant must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). "An insufficient showing on either element is fatal to an ineffective-assistance claim, rendering consideration of the other element unnecessary." *Id*. In assessing the performance prong of an ineffective assistance claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prove deficient performance, a defendant must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" (*id*. at 688), that is, it was "'completely unreasonable, not merely wrong.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010)). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### A. Defendant entered a knowing and voluntary guilty plea.

Defendant contends his counsel manipulated him into entering a plea agreement that he did not understand and promised him that his sentence would be 18 months. Defendant,

however, did not enter a plea agreement with the government; he merely pleaded guilty to the sole charge in the indictment.

To succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Heard v. Addison*, 728 F.3d 1170, 1175-76 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985)) (internal quotation marks omitted). Defendant's allegations in his Motion are inconsistent with representations he made to the court when he entered his guilty plea. Testifying under oath, Defendant assured the Court that he understood the nature of the charge and possible punishment, his plea was made voluntarily and completely of his own free choice, and no one tried to force or pressure him into pleading guilty. Further, Defendant testified that he understood his sentence was solely a matter for the Court to decide. Even if counsel gave Defendant an erroneous sentence estimation, that error would not support an ineffective assistance claim. *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.").

Notably missing from Defendant's Motion are allegations that would satisfy Defendant's burden to show a reasonable probability that but for his counsel's failures or manipulation, Defendant would not have pleaded guilty but would have insisted on going to trial. The Court finds Defendant entered a knowing and voluntary guilty plea. Further,

the Court finds that Defendant has not alleged any prejudice and, therefore, cannot prevail on his ineffective assistance claims relating to his guilty plea.

### B. Defendant's counsel sufficiently apprised the Court of Defendant's mental health status.

Defendant contends his counsel was ineffective by failing to notify the Court of Defendant's mental health status and by failing to offer the testimony of a psychologist at Defendant's sentencing hearing. The record refutes Defendant's first contention. Defendant's Petition to Enter Plea of Guilty indicated he previously received treatment for a mental or emotional condition. [Doc. No. 14] at ¶ 5. At the plea hearing, counsel informed the Court that Defendant received treatment in 2014 when he was diagnosed with a mood disorder. [Doc. No. 54-2] at p.4. Counsel also informed the Court that Defendant was diagnosed with a learning disability as a child. *Id.* Prior to sentencing, Defendant's attorney filed a sentencing memorandum that discussed Defendant's mental and emotional health, as well as Defendant's substance abuse history. [Doc. No. 27]. Further, Defendant's counsel declared that he arranged a psychological examination of Defendant; counsel represents that the psychological expert "concluded there was no evidence [Defendant] suffered from a major mental illness or thought disorder." Wackenheim Aff. [Doc. No. 54-1] at ¶ 27.

The record, thus, indicates that counsel sufficiently apprised the Court of Defendant's mental health status, and the Court finds that choosing not to call a psychologist to testify at the sentencing hearing did not fall below an objective standard of

reasonableness for effective professional assistance. His ineffective assistance claims regarding his mental health, therefore, fail.

### C. Defendant does not show his counsel was ineffective by failing to present mitigation information at sentencing.

Defendant argues his counsel was ineffective by failing to present mitigation information at sentencing and by failing to obtain letters supporting Defendant. The record does not support Defendant's first contention. Defendant's attorney filed a sentencing memorandum, arguing that the Court should apply a downward variance from the guideline range. Counsel presented oral argument in support of the downward variance at the sentencing hearing. Counsel also submitted several objections to the Presentence Investigation Report [Doc. No. 17] at pp. 22–24. These facts indicate that counsel presented mitigating information and ardently advocated for Defendant at sentencing. Defendant identifies nothing that overcomes the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Further, although counsel did not obtain or offer any letters of support for Defendant at sentencing, Defendant has not identified or explained how those letters would have persuaded the Court to impose a shorter sentence. Defendant neither identifies a deficiency nor explains how any deficiency prejudiced his defense. Therefore, these ineffective assistance claims fail.

### D. Defendant does not show his counsel was ineffective by failing to file a motion to suppress.

Although he does not clearly explain what evidence he believes should have been suppressed, Defendant argues his counsel was ineffective because he did not file a motion to suppress. Defendant does not allege a search or seizure occurred in this case, nor does

he allege a violation of his Fourth Amendment rights. And as explained above, Defendant identified no basis to suppress the statements by the officer regarding his injuries. Defendant also does not explain how a suppression motion would have changed the outcome of this case. Because Defendant fails to articulate any meritorious basis for a motion to suppress, he cannot show that defense counsel's decision not to file one was objectively unreasonable. *See United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985) ("Effective assistance does not demand that every possible motion be filed, but only those having a solid foundation.") (internal quotations and citation omitted). The Court finds Defendant has not shown his counsel was ineffective or that his defense was prejudiced by the decision not to file a motion to suppress.

### III.    Defendant's Competency

Defendant appears to contend that he was unable to understand the nature and consequences of the proceedings against him or adequately assist in his defense and that a hearing to determine his competency should have been held before the Court accepted his guilty plea. Defendant asserts he was diagnosed with bipolar disorder and schizophrenia. However, there is no evidence of record that Defendant has ever received these diagnoses, and although Defendant did receive prior treatment for a mood disorder, nothing in the record indicates he has ever been adjudicated incompetent. To the contrary, as stated above, a psychologist examined Defendant and found that he did not suffer from a major mental illness or thought disorder. Further, Defendant has not submitted any evidence, such as medical records or affidavits signed by a physician who examined or treated him, to support

his argument that mental illness prevented him from understanding the nature and consequences of the proceedings against him or assisting in his defense.

At the plea hearing, the Court asked Defendant if he fully understood the charge against him and the consequences of his plea. Defendant testified that he understood, and before accepting Defendant's plea, the Court found Defendant was competent to enter the plea. Defendant could have placed the issue of his competency before the Court at his plea hearing or at his sentencing hearing. He did not do so. The Court finds that Defendant does not, now, raise any legitimate question of his competence to enter the guilty plea.

## CONCLUSION

For these reasons, the Court denies Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 48].

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is **DENIED**, and the denial shall be included in the judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 48] is **DENIED**

**IT IS SO ORDERED** this 31st day of May, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge